CARL CALVIN AND ANOTHER v. A. T. MOSHIER.[1]

May 17, 1929.

No. 27,334.

[1]Reported in 225 N. W. 388.

*Harry S. Locke,* for appellant.
*Stacker & Stacker,* for respondents.

Holt, J.

Action on a promissory note for $275, executed by defendant, dated February 11, 1928, due June 1, 1928, payable to the order of F. J. Pesch, Jr. indorsed and delivered by the payee to plaintiffs on the same day the note was made. The answer admitted the execution of the note, alleged that it was made for the accommodation of the payee, Pesch, and was without consideration, and that plaintiffs at all times knew of these facts:

"That in January, 1928, said Pesch agreed to do some work in furnishing defendant's building in said city and in furnishing some material for said defendant and his said building, and to accommodate said Pesch said defendant signed said note; said. Pesch failed and neglected to do said work and failed and neglected to furnish said material * * *; that said Pesch commenced said work but did not finish it, and a lien has been filed against said property for said work by one of said Pesch's workmen."

The court found in favor of plaintiffs. Defendant appeals from the order denying a new trial.

It is plain that no ground for a reversal of the order is to be found in the ruling receiving in evidence the note which the answer admitted defendant did execute. Nor do we see error in refusing to receive the letter of January 23, 1928, whereby Pesch agreed to do certain painting for defendant for the sum of $275. There was no offer of proof that plaintiffs had any knowledge of that letter. And even had the letter been received, it would not have tended to prove any defense to the note as the evidence then stood.

The record discloses without contradiction that plaintiffs had an account against Pesch when the latter indorsed the note in suit to them; that Pesch was at that time credited $265 upon said account and received $10 in cash; that plaintiffs at once discounted and

indorsed the note to a bank; and that when the defendant failed to pay it when due plaintiffs were compelled to pay the bank and received the note back; that plaintiffs, when they accepted the note and credited Pesch's account therewith, knew nothing of the terms under which he had undertaken the work for defendant or of defendant's claim that it was an accommodation note. The evidence is conclusive that plaintiffs were holders in due course, before maturity, and without notice.

And in fact there was no evidence to show want of consideration, or failure of consideration, or that the note was ever accommodation paper. Pesch had agreed to do painting for defendant to the extent of $275. Pesch had bought the materials from plaintiffs. He had started on the work. He needed money and asked defendant to advance the same. Defendant gave him the note instead. It was meant to be in full payment of the job. In a legal sense the note was not an accommodation note.

The order is affirmed.

